## RICE & *al. v.* WEST.

A promissory note payable "*on demand, with interest after six months*," is due
presently — the "six months" applying to the interest, and not to the principal.

ASSUMPSIT on the following promissory note :

"*Boston, April* 20, 1833.

For value received, I, *Ammi West*, of *Augusta*, County of
*Kennebec*, and State of *Maine*, promise to pay *Henry Rice &
Co.* or order, ten hundred and two dollars and ninety-six cents
on demand, with interest after six months.

*Ammi West.*"

The action was commenced within six months from the date of
the note, and the question was, whether the note was payable *on
demand*, or in *six months*. It was admitted, that the note was
given for goods.

There were other facts agreed in the case, if testimony to prove
them was admissible ; but it was rejected. It was agreed that
if the opinion of the Court should be, that the note was recov-
erable before the lapse of six months, the defendant was to be
defaulted.

*Allen* and *Bradbury*, for the defendant, contended that the
true construction of the note was, that it should be payable "on
demand after six months, with interest after six months." By
adopting this construction a meaning and force is given to every
expression in the note. The parties fix a time when interest is
to be payable, to wit, the 20th of *October*, 1833, and not before.
Now if this suit be sustained, the plaintiff would recover interest
before the expiration of the six months, in direct violation of the
contract. If this note was payable presently, then it was dishon-
ored the day after it was given, and the goods for which it was
given, might have been attached in a suit on the note. Could this
have been the *intention* of the parties ? and the intention is to
govern in the construction of the contract. If the plaintiff want-
ed the privilege of suing before the expiration of the six months,
if he should deem it necessary for his security, that should have

been incorporated into the note ; then the defendant would at least have understood his liability.

Again, receiving interest in advance for 60 days is an agreement to wait that time. *Kannebec Bank* v. *Tuckerman*, 5 *Greenl.* 130. Now here, the *Boston* merchants have their cash price and their credit price. If six months' credit in any case be given, the interest for that time is charged in the price. Upon the principle, therefore, of the case of *Kennebec Bank* v. *Tuckerman*, the plaintiff agreed to wait six months.

This form is adopted for a snare to entrap the unwary, and the attempt should not be permitted to succeed. *Chitty on Bills*, 29. They also cited to other points, the case of *Haywood* v. *Perrin*, 10 *Pick.* 228.

*R. Williams*, for the plaintiff, cited *Holmer* v. *Viner*, 1 *Esp. R.* 132 ; *Chitty on Bills*, 540 ; *Loring* v. *Gurney*, 5 *Pick.* 15.

MELLEN, C. J. — It is a plain principle of law, not now to be drawn in question, that the construction of a written contract is not to be aided by parol testimony, unless in some peculiar circumstances ; as in case of a *latent* ambiguity, and *possibly*, where the contract is unintelligible as it stands ; however that may be, need not be discussed here. It is not contended that *such* evidence is admissible in the present case ; and if it were, the facts stated in *Taylor's* deposition, which we have examined for another purpose, would not in our opinion aid the defendant. This case differs from that of *Hobart* v. *Dodge*, lately decided in the county of *York*, [1 *Fairf.* 156.] There the printed words in the note ." on demand" were erased by two parallel lines drawn across them, and then the promise stood thus : " I promise to pay to A. B. or order the sum of —— and interest *after four months.*" The Court considered and decided that neither the debt nor the interest was payable under four months ; that the limitation as to *time* was equally applicable to principal and interest ; and that we had no authority to appropriate such limitation to *one* of those subjects only. And besides, the erasure of the words " on demand" furnished evidence that neither party understood or intended that the note should be payable on demand. But in the case before us, the language of the defendant's promise is perfectly

plain, and it requires much ingenuity to misunderstand it. The promise is to pay the debt *on demand*, (with a comma at the end of that word) with interest *after six months*. This limitation extends only to the *interest*, and it cannot be applied to the *principal*, without destroying the sense and effect of the preceding words " on demand." It is an undisputed principle and rule of construction, that it should be such, if possible, as to give operation to all the words and provisions in the contract; because the parties must be presumed to have inserted them intentionally and for some good purpose. Why were the words " on demand" inserted, if the payment of the note could not, and was not intended to be demanded or demandable under six months? Shall we suppose the parties made such an absurd and contradictory contract? But it is enquired, why was interest made payable *after six months*, upon a sum of money demandable in one month. The first answer is, because the parties chose to make such a contract; and the second answer is, that the principal should draw interest after that time, if the creditor should be disposed to indulge the promissor with delay, or if the promissor should, by *his own* refusal or delay, prevent the creditor from collecting the money due until after the lapse of the six months. It is admitted that the note in question was given for goods purchased; but the construction of the language of the note cannot depend on that circumstance.

*Defendant defaulted.*